IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| MARVA BAIRD-ALLEYNE, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. 8:25-cv-02851-PX |
| BWW LAW GROUP, LLC | * | |
| Defendant. | * | |

*** 

## <u>MEMORANDUM ORDER</u>

Pending is Defendant BWW Law Group, LLC ("BWW")'s Motion to Dismiss the Complaint as barred by res judicata. ECF No. 6. The issues are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the motion to dismiss is granted.

This suit is Plaintiff Marva Baird-Alleyne's third concerning her eviction after the foreclosure sale of 11207 Bennington Drive, Upper Marlboro, MD 20774 ("the Property"). ECF No. 1 at 1; ECF No. 6-5 at 1; ECF No. 6-8 at 1.[1] Evidently, Baird-Alleyne was living in the Property when it was subject to a foreclosure sale. *See* ECF No. 1 at 2; ECF No. 6-3 at 6–7. Baird-Alleyne tried to stop the foreclosure by appealing the final judgment but was unsuccessful. ECF No. 6-3 at 6, 9, & 11.

Once the foreclosure sale became final, Baird-Alleyne went on the offensive. She filed her first suit in the Prince George's County Circuit Court against BWW, challenging her imminent eviction from the Property. *See* ECF No. 6-5. *See also Alleyne v. BWW Law Group, LLC*, CAL22-

---

[1] The Court "may properly take judicial notice of matters of public record . . . [and] consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004)).

16931 (Prince George's Cir. Ct. June 03, 2022) ("*Baird I*").  Specifically, Baird-Alleyne sought "temporary and permanent injunctive relief" for the "illegal and unlawful means" by which BWW "institute[d] a foreclosure" and took "possession, custody, and control of the Property."  ECF No. 6-5 at 4–5.  Baird-Alleyne also sought declaratory judgment that BWW did not have "legal standing" to participate in the foreclosure.  ECF No. 6-5 at 5.  As relief, she asked the Court to vacate the foreclosure sale and stave off her eviction.  *Id*.  The Circuit Court summarily dismissed *Baird I* with prejudice.  ECF No. 6-6 at 2.

Undeterred, Baird-Alleyne refiled a nearly identical complaint in the Prince George's County Circuit Court.  *See Baird-Alleyne v. BWW Law Group, LLC, et al,* 16-CV-24-003804 (Prince George's Cir. Ct. Aug. 15, 2024) ("*Baird II*").  *Compare* ECF No. 6-8 *and* ECF No. 6-5.  Once again, the Circuit Court dismissed the action in *Baird II* with prejudice.  ECF No. 6-9 at 2.  Baird-Alleyne then moved for reconsideration which was also denied.  ECF No. 6-7 at 4.

Baird-Alleyne now brings near identical claims against BWW in this Court.  *Compare* ECF No. 1 *with* ECF No. 6-5 *and* ECF No. 6-8.  The only notable, but immaterial, difference is that Baird-Alleyne titles Count I in the Complaint as a claim for "Discrimination" but no allegations make plausible such a claim.  ECF No. 1 at 3.  Rather, all claims, regardless of how they are titled, are barred by res judicata.

Res judicata precludes the parties or their privies from relitigating issues that were or could have been raised in a previously concluded suit.  *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *see also Brown v. Felsen*, 442 U.S. 127, 131 (1979); *Pueschel v. United States*, 369 F.3d 345, 354–55 (4th Cir. 2004).  The doctrine disallows relitigating a claim where (1) the parties or their privies in both suits are identical; (2) the claim in the new suit is identical to the claim in the original suit or could have been brought in the original suit; and (3) the claim in the

original suit reached a final judgment on the merits. *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008); *see also Nash Cnty. Bd. of Ed. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981). The Court considers each factor in turn.

First as to the identity of parties, Baird-Alleyne has sued BWW in all three actions. *Compare* ECF No. 1 *with* ECF No. 6-5 *and* ECF No. 6-8. Second, the claims are identical across the three suits. In each, Baird-Alleyne challenges her eviction from the Property as wrongful and seeks injunctive relief to "vacate" the foreclosure sale of the Property. *See Baird I*, ECF No. 6-5 at 5 (complaint seeking injunctive relief "expressly precluding and vacating the sale of the property herein"); *Baird II*, ECF No. 6-8 at 5 (same); ECF No. 1 at 5 (seeking injunctive relief "expressly precluding and vacating the sale of the property herein."). Baird-Alleyne also previously sought declaratory judgment that BWW had no lawful authority to evict her and money damages for her "costs." *See* ECF No. 6-5 at 5; ECF No. 6-8 at 5. Here, she likewise seeks the same relief and damages for her costs, framed identically as they had been before the Circuit Court. ECF No. 1 at 5.

That Baird-Alleyne attempts to repackage one claim as sounding in "discrimination" makes no difference. "[C]auses of action are identical for claim preclusion purposes" if "the claim presented in the new litigation 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.'" *Laurel Sand & Gravel, Inc.*, 519 F.3d at 162 (quoting *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999)). "Newly articulated claims based on the same [transactional] nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1078 (9th Cir.2003). Plainly, Baird-Alleyne's asserted claim for "discrimination," arises from the identical nucleus of facts. Daresay, it is simply a repackaged

version of the claims presented in *Baird I* and *II*.  *Cf. Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002) ("The label attached to the federal court action will rarely, if ever, be important, since a party that is seeking in federal court to readjudicate an issue decided in state court is unlikely to say so.").  Thus, the claims are identical for res judicata purposes.

Third, *Baird I* and *Baird II* reached final judgment.  "It is well settled that a dismissal with prejudice is an adjudication on the merits for res judicata purposes." *Hall v. Greystar Mgmt. Servs., L.P.*, 193 F. Supp. 3d 522, 529 (D. Md. 2016) (quoting *Bradley v. Artery Custom Homes, LLC*, Civ. No. PJM 08–539, 2009 WL 6560200, at *3 (D. Md. Jan. 29, 2009), *aff'd*, 328 Fed.Appx. 873 (4th Cir. 2009) (per curiam).  *See also Jacobs v. Venali, Inc.*, 596 F. Supp. 2d 906, 914 (D. Md. 2009) ("It is well established that dismissals with prejudice . . . are treated as final judgments on the merits for purposes of res judicata.") (collecting cases).  *See also Keith v. Aldridge*, 900 F.2d 736, 742 (4th Cir. 1990) (concluding that dismissal with prejudice is a final judgment on the merits for purposes of res judicata).  This is for good reason.  If dismissal *with prejudice* is to mean anything in this context, it must mean that claims cannot be subsequently relitigated in another court.[2]

---

[2] Even if not barred by res judicata, the claims fail as a matter of law.  The Complaint, read most favorably to Baird-Alleyne, seeks to unwind her eviction, but gives no plausible ground under the law for doing so.  This is fatal to her declaratory and injunctive relief claims.  The Declaratory Judgment Act allows the Court to grant declaratory relief only where an independent legal right to such relief is established. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950); 6A Moore's Federal Practice ¶ 57.23 (1974).  *See also Univ. Gardens Apartments Joint Venture v. Johnson*, 419 F. Supp. 2d 733, 742 (D. Md. 2006).  Likewise, Federal Rule of Civil Procedure 65 allows for injunctive relief but does not create a standalone cause of action.  Fed. R. Civ. P. 65.  Although Baird-Alleyne, through her opposition, attempts to reframe her claims as brought under the Truth in Lending Act, 15 U.S.C. § 1635(b), no such claims were pleaded, and Baird-Alleyne cannot amend a pleading through her opposition. *See Mylan Laby's, Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1067 (D. Md. Aug. 15, 1991) ("[I]t is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss.") (internal quotation and citation omitted).  Accordingly, even if the claims were somehow not barred, the Court would dismiss them nonetheless.

Because the claims are barred by res judicata, the Complaint is **DISMISSED WITH PREJUDICE**.  The Clerk is directed to **TRANSMIT** this Order to the parties, separately **MAIL** a copy of this Order to Plaintiff Marva Baird-Alleyne, and **CLOSE** this case.

05/11/2026_____/s/_____
Date                                                             Paula Xinis
                                                                 United States District Judge